# United States District Court
## Eastern District of California

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>**ALICE JEAN WIEGAND**<br>(Defendant's Name) | **JUDGMENT IN A CRIMINAL CASE**<br>(For **Revocation** of Probation or Supervised Release)<br>(For Offenses committed on or after November 1, 1987)<br>Criminal Number: **2:06CR00358-02**<br><br>Toni Carbone, Appointed<br>Defendant's Attorney |

**THE DEFENDANT:**

[✔]   admitted guilt to violation of charges 1 and 2 as alleged in the violation petition filed on February 9, 2011.
[ ]   was found in violation of condition(s) of supervision as to charge(s) ___ after denial of guilt, as alleged in the violation petition filed on ___.

ACCORDINGLY, the court has adjudicated that the defendant is guilty of the following violation(s):

| Violation Number | Nature of Violation | Dates Violation Occurred |
|---|---|---|
| 1 | Unlawful Use of a Controlled Substance | 11/16/2010; 12/13/2010 |
| 2 | Failure to Participate in a Drug Testing Program | 12/3/2010; 12/16/2010; 1/3/2011; 1/13/2011 |

The court: [ ] revokes: [✔] modifies: [ ] continues under same conditions of supervision heretofore ordered on  April 18, 2008 .

The defendant is sentenced as provided in pages 2 through 3 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ]   Charge(s) ___ is/are dismissed.

**Any previously imposed criminal monetary penalties that remain unpaid shall remain in effect.**

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

May 23, 2011
Date of Imposition of Sentence

*/s/ Frank C. Damrell, Jr.*
Signature of Judicial Officer

**FRANK C. DAMRELL, JR.**, United States District Judge
Name & Title of Judicial Officer

June 3, 2011
Date

CASE NUMBER:     2:06CR00358-02                                                                      Judgment - Page 2 of 3
DEFENDANT:       ALICE JEAN WIEGAND

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of 36 months.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed four (4) drug tests per month.

[ ]     The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

[✔]     The defendant shall not possess a firearm, destructive device, or any other dangerous weapon. (Check, if applicable.)

[✔]     The defendant shall submit to the collection of DNA as directed by the probation officer. (Check, if applicable.)

[ ]     The defendant shall register and comply with the requirements in the federal and state sex offender registration agency in the jurisdiction of conviction, Eastern District of California, and in the state and in any jurisdiction where the defendant resides, is employed, or is a student. (Check, if applicable.)

[ ]     The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or a restitution obligation, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow instructions of the probation officer;
4) the defendant shall support his or her dependants and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere, and shall permit confiscation of any contraband observed in plain view by the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

| | | |
|---|---|---|
| CASE NUMBER: | 2:06CR00358-02 | Judgment - Page 3 of 3 |
| DEFENDANT: | ALICE JEAN WIEGAND | |

# SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall submit to the search of her person, property, home, and vehicle by a United States probation officer, or any other authorized person under the immediate and personal supervision of the probation officer, based upon reasonable suspicion, without a search warrant. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

2. As directed by the probation officer, the defendant shall participate in an outpatient correctional treatment program to obtain assistance for drug or alcohol abuse.

3. As directed by the probation officer, the defendant shall participate in a program of testing (i.e. breath, urine, sweat patch, etc.) to determine if she has reverted to the use of drugs or alcohol.

4. As directed by the probation officer, the defendant shall participate in a co-payment plan for treatment or testing and shall make payment directly to the vendor under contract with the United States Probation Office of up to $25 per month.

5. The defendant shall register, as required in the jurisdiction in which she resides, as a drug offender.

6. **The defendant shall complete 40 hours of unpaid community service as directed by the probation officer. The defendant shall pay fees attendant to participation and placement in this program on a sliding scale as determined by the program. Community service shall be completed by May 1, 2012.**